**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,
               Plaintiff,

Case No.: 2:20-CR-00095(10)

vs.

Judge Morrison

Ralph Aldridge ,
               Defendant.

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE/VARIANCE**

Now comes Ralph Aldridge, by and through counsel, Isabella Dixon and requests a Downward Departure/Variance of his sentence in this case. There are four objections to the information in the presentence report. The first objection is the allegation in paragraph 56 of the presentence report. Mr. Aldridge had no knowledge of of sex trafficking of children. Mr. Aldridge also objects to the allegations contained in paragraph 58, which again involve knowledge of using a computer to engage in the sex trafficking of a seven year old child. Mr. Aldridge also objects to the information in paragraph 59 which alleges that he became aware of "Porter's child sex activities while he assisted in locating an SD card from Porter's property." Mr. Aldridge was not aware that the underlying charges involved child sex trafficking until two days after looking for

the SD card at which time Frank Andrews informed him. (see statement of facts, Plea Agreement page 9, top paragraph). Mr. Aldridge also objects to paragraph 30 of the presentence report which puts him at a base level thirty. Finally, Mr. Aldridge objects to the allegation in paragraph 67 because he had no intention to kill or harm anyone.

I. **Offense Level**

Mr. Aldridge disputes and objects to the probation officers calculations and application of U.S.S.G. sentencing guidelines. Mr. Aldridge does not dispute Probation's findings concerning his Criminal History.

Mr. Aldridge entered a change of plea on May 11, 2021. During the plea colloquy a record was made with statement of facts upon which the guilty plea was based. Mr. Aldridge was not aware of the underlying child sex trafficking charges until at least two days after he was digging in the yard for the SD card.

I was present on June 22, 2021 when Mr. Aldridge was interviewed by probation. Mr Aldridge was and is genuinely remorseful for taking part in this criminal activity. He has two adult children. He loves and adores each of his children. He maintains a close relationship with both of his children and with his parents. Mr. Aldridge was working at the time of the offense. He has had struggles with addiction. His family has remained supportive of Mr. Aldridge.

This memorandum will address the 3553 factors and again respectfully request an appropriate departure.

**Statement of the Facts**

The statement of facts presented at the change of plea hearing are, for the most part, accurate.   The issue is how those facts are interpreted and applied.

**FACTORS UNDER SEC. 3553(a)**

In determining a sentence, the court must consider the several factors of sec. 3553(a)(1-7) to determine if the sentence is minimally sufficient to satisfy sec. 3553(a)(2)'s purposes of sentencing. The weight to be given to these factors remains within the discretion of the Court - so long as the sentence is reasonable.

(a)(1) **Nature and circumstances of the offense and the history and characteristics of the defendant.**

**Nature and Circumstances of the Offense**

The offense is serious. Although Mr. Aldridge was unaware of   the child sex trafficking, he was aware that he was attempting to hide evidence. Mr. Aldridge   immediately accepted responsibility for his actions.

**History and Characteristics of the Defendant**

The personal characteristics and background of Mr. Aldridge are stated in paragraphs 80-95 of the Pre-Sentence Report. Mr. Aldridge  had a good childhood and good parents. However, as a result  of a back injury, Mr. Aldridge was prescribed medication which led to him being addicted. His addiction caused his life to spiral downward.   He sought treatment on several occasions.   He feels terrible because of the emotional pain he has caused his family.

**(a)(2)(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (a)(2)(B) to afford adequate deterrence to criminal conduct;**

If this Court were to impose a sentence below what's recommended by probation, the seriousness of the offense will not be denigrated and both Ralph Aldridge and others would be deterred from repeating his tragic mistakes. As a result of Ralph Aldridge's conviction in this case, he will surely lose his freedom for a number of years. Upon his release he will be barred from many occupations and opportunities. This conviction has permanently and irrevocably altered his life.

The sentence must not only educate defendants as to the seriousness of the offense, but should make others in the community "aware that similar actions will be punished."

(a)(2)(C) **to protect the public from further crimes of the defendant.**

A sentence which takes into consideration Mr. Aldridge's lack of criminal history, his immediate acceptance of responsibility, will reflect the seriousness of this offense, would promote respect for the law, provide just punishment for the offense, and would afford adequate deterrence to criminal conduct.

Judges are now invited to consider arguments that the guideline fails properly to reflect § 3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate regardless. *Rita v. United States*, 127 S. Ct. 2456, 2465, 2468 (2007). Judges "may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with

the Guidelines," *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007) (internal quotation marks omitted), and when they do, the courts of appeals may not "grant greater fact finding leeway to [the Commission] than to [the] district judge."  *Rita*, 127 S. Ct. at 2463.  Judges have begun to embrace this invitation with respect to various guidelines with approval by the courts of appeals.

Judges must explain their acceptance, or rejection, of "nonfrivolous reasons" for a sentence different from what the guideline recommends, *id*. at 2468, but need not consider arguments that are not raised.  *Gall v. United States*, 128 S. Ct. 586, 599 (2007).  Thus, defense counsel must assist the court in understanding the flaws in the guideline and make a strong record for appeal.

The goal is a sentence that is sufficient but **not greater than necessary** to achieve sentencing purposes.

.

                                                  Respectfully submitted,

                                                  s/Isabella Dixon
                                                  Isabella Dixon #0039650
                                                  98 Hamilton Park
                                                  Columbus, Ohio 43203
                                                  614/732-5390
                                                  ithomas229@gmail.com
                                                  Counsel for Defendant

## CERTIFICATE OF SERVICE

A true copy of the forgoing was served upon all parties via electronic filing this 11th day of November, 2021.

                                          Respectfully submitted,

                                        /s/ Isabella Dixon
                                        Isabella Dixon #0039650